[Crim. No. 511.   Department One.—August 1, 1899.]

## THE PEOPLE, Respondent, v. ANDREAS CASTRO, Appellant.

CRIMINAL LAW—EVIDENCE—CONFESSIONS OF DEFENDANT—INDUCEMENT—BURDEN OF PROOF.—The burden is on the prosecution to show that confessions of a defendant charged with crime were made voluntarily and without previous inducement; and where it appears that the defendant at first denied his guilt, and afterward confessed to the sheriff under improper representations and inducements held out to him, it must be shown that confessions made to the deputy sheriff and to the jailer were not only without inducements held out by them, but also that they were not induced by those held out to him by the sheriff, in order to justify their admissibility.

ID.—SUFFICIENCY OF OBJECTIONS TO EVIDENCE—MOTION TO STRIKE OUT.—Where the court refused to permit the defendant to show that confessions offered in evidence were made under promises of exemption from a heavy penalty, and overruled his objection that the state must show more than that no inducements were

held out at a particular conversation, such rulings and exceptions were sufficient, without repetition, to cover all confessions thereafter offered, and to justify a motion to strike out all evidence of confessions to various persons not shown to have been induced by representations which were proven to have been held out by the sheriff.

APPEAL from a judgment of the Superior Court of Santa Barbara County. W. S. Day, Judge.

The facts are stated in the opinion.

W. G. Griffith, and C. F. Carrier, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

HAYNES, C.—Appellant was tried upon an information charging him with having stolen a cow, was found guilty, and sentenced to imprisonment in the state's prison for the term of ten years.

Mr. Rice, the owner of the cow, testified that it was in the pasture on the 25th of February, 1898, and on the 26th he found it in the slaughter-pen of Metcalf & Gehl, and that it was taken from the pasture and placed in the pen without his permission.

Mr. Baker testified that on the morning of the 26th he went to the pasture and found that the fence had been taken down, his cow taken out and the fence put up again, and saw the tracks of three cows and two horses which he followed to said slaughter-pen, and there found three cows, one of which was his and one Mr. Rice's.

At this stage of the evidence the prosecution called Thomas B. Hicks, who testified that he was the jailer of the county jail, that he had known the defendant two years, and saw him at the jail on February 26th. He was then asked: "Did you hear him make any statement in regard to his guilt or innocence in this matter?" The defendant objected to the question, "and asked leave to introduce testimony to show that the admissions sought to be elicited were made by the defendant under promises of exemption, and that a lesser penalty would be imposed if he

pleaded guilty, and that the case was a foregone one against him."

The court denied the motion, and the defendant excepted. The witness testified that the conversation was had in the district attorney's office a short time after the defendant's arrest. "There were two conversations at which I was present. There were four of us present the second time, Andreas Castro, Ed. Burke, and myself and my father. When you (the district attorney) took him to your office you simply asked him whether he did or not, and you never told him that you would help him, or you never made any threat to him; you asked him two or three times if he did the deed, and he set back in his chair and kind of studied. There were not any inducements held out to him to answer. Q. Now, what did he say at that time?" The defendant objected to the question upon the ground that there was no sufficient basis for proving a confession; that he was imprisoned and under duress, and that the state must do something more than show that at this particular conversation no inducements were held out to him. This objection was overruled, and the defendant excepted. The witness then testified: "Mr. Storke then asked him if he knew anything about this cattle-stealing, and he hung back. No, he didn't know; and finally he began to get uneasy in his chair, and finally says, 'Yes, I do; my brother and I took the cows and drove them to the slaughterhouse.'"

Upon cross-examination, the witness testified that there was a conversation with the defendant at the jail at which the witness' father (the sheriff), Mr. Burke, and himself were present; that he couldn't say positively whether it was within a day or two after his arrest.

Mr. Shoup, the deputy sheriff who made the arrest, but who was not present at either of the conversations above narrated, testified that on the day of the arrest the defendant denied the charge; that afterward he had another conversation with defendant, but did not fix the date either in relation to the arrest or to the other conversations above referred to, further than that it was a few days after he put him in jail, and was "at the bars of the jail." The witness said: "He commenced talking to me about the matter, and admitted that he and his brother

Frank took the cows, but said he made his brother take them, made his brother go with him. He said he took three cows out of Scull's pasture and put them in Metcalf's slaughter-pen"; and that no threats or inducements were made at any time so far as he knew.

Mr. Burke, one of the persons present at the conversation in the district attorney's office, and who acted as interpreter on that occasion, was called by the prosecution, and testified that no inducements or threats were used or any influence exerted to induce the defendant to make any confession. Upon cross-examination he testified as follows: "This was not the first time that I acted as interpreter with the defendant, but it was the first and only time with the district attorney. Before that I had acted as interpreter for Sheriff Hicks while he talked with him in the office of the jail. The sheriff and Tom Hicks, the jailer, were there; Mr. Hicks, the sheriff, started in by informing the defendant that he had a bad case against him—had a sure case against him—and it would be best for him to make a clean breast of the whole affair and relate all the circumstances in regard to it. Of course, the defendant argued about the matter to some extent. At first, he stoutly denied having anything to do with it, and then asked the sheriff to promise him to help him out of the scrape, do all he could for him, if he should make a full confession in regard to it. The sheriff assured him that he would do everything in his power to help him. And, in fact, the prisoner went to such an extent as to make the sheriff shake hands with him, as pledge of good faith. The promise that the sheriff made to him, though, was in this way: He said, 'I may be able to induce the court or jury to give you a light sentence—go as easy as possible with you'; that was the substance of it. Of course, some months have elapsed and I do not remember very well. The defendant made no admission of guilt until after receiving these assurances. The defendant's knowledge of English is very slight."

Counsel for defendant then moved "to strike out the evidence that has been introduced of this statement made by the defendant, the evidence of T. B. Hicks and E. M. Burke, on the ground that the statement made by the defendant, as testified to by those witnesses, was involuntary and induced by hopes of

reward." The court ruled that the testimony of the confession made in the district attorney's office be excluded, and added: "If there is any other it remains in." "Mr. Storke: What becomes of the Shoup testimony. The Court: Well, this motion does not extend to that; that remains. Mr. Griffiths: We covered all the evidence as to confessions, I think. The Court: I did not so understand it. If it does extend to that, the only testimony that will be excluded is that of the conversation in the district attorney's office, the other remains. If your motion extends to that portion of it, it is denied. Mr. Carrier: We except to the ruling of the court in so far as it refers to the Hicks testimony and the Shoup testimony."

We have given a very full statement from the record, in view of respondent's contention that proper objections were not seasonably made, and exceptions taken. This contention cannot be sustained. Conceding that defendant's request to be permitted to show that the alleged confessions were secured through promises of influence in his behalf was somewhat premature, it does not appear that it was denied upon that ground, and counsel doubtless understood the ruling as a denial of his right to make such showing; but be that as it may, when the witness, who was then testifying as to what was said at the district attorney's office, was asked the question, "Now, what did he say at that time?" the defendant objected, and among the grounds of objection stated "that the state must do something more than show that at this particular conversation no inducements were held out to him." That objection was overruled, and an exception taken. These two objections and exceptions were sufficiently specific to advise the court and the district attorney of the points made by the defendant, and it was not necessary that they should be repeated upon the examination of subsequent witnesses in order to justify his motion, afterward made, to strike out the testimony of said confessions. The colloquy between the court and counsel after the ruling upon the motion to strike out said testimony shows that counsel for defendant intended their motion to cover all the testimony as to defendant's confessions, and after the court had been so informed the ruling was repeated with the statement by the court that if the motion extended to other confessions than that made in the

district attorney's office it is denied as to such other confessions, and that ruling was excepted to. I think it does not sufficiently appear that the confession made to Shoup was not induced by prior representations and inducements made by the sheriff to justify the ruling of the court. The time at which these statements were made does not appear, but it does appear from the testimony of Mr. Burke that at the conversation held by the sheriff, the jailer Hicks, and the witness with the defendant, prior to the interview at the district attorney's office, that at first the defendant "stoutly denied having anything to do with it"; and it is not reasonable to suppose that prior to that time he had voluntarily and without solicitation or inducement admitted to another officer that he was guilty. The burden being upon the prosecution to show that the confession was made voluntarily and without inducement on the part of the officer, the condition imposed by the law as to its reception was not complied with, and it should have been stricken out.

The testimony of Mr. Hicks was as to the confession made in the office of the district attorney, and was therefore excluded; but the ruling left with the jury evidence that a confession of guilt was made to the sheriff, the jailer, and Mr. Burke in the sheriff's office prior to the confession made in the district attorney's office, though the latter confession was excluded because the former was obtained by improper representations, as clearly appears from the testimony of Mr. Burke.

Appellant discusses some instructions requested by the defendant to be given to the jury, but in view of what has been said they need not be specially noticed.

I advise that the judgment be reversed and the cause remanded.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded.

Garoutte, J., Van Dyke, J., Harrison, J.