[Crim. No. 1329.  First Appellate District, Division One.—February 14, 1927.]

## THE PEOPLE, Respondent, v. ANNIBAL COSTA, Appellant.

[1] CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—ADMISSIONS—INTIMIDATION — WAIVER OF OBJECTIONS — APPEAL. — Upon appeal from a judgment of conviction in a prosecution upon a charge of assault with a deadly weapon, error may not be predicated upon the admission in evidence of incriminating admissions of the defendant amounting to a confession, even though such admissions were made under circumstances indicating intimidation, where defendant made no objection whatever in the trial court to the introduction of any part of the testimony in question, nor was any motion made in his behalf to strike it out.

(1) 5 C. J., p. 791, n. 24; 17 C. J., p. 56, n. 16.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. Lincoln S. Church, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Ernest S. Leslie and Frank W. Creely for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

KNIGHT, J.—The defendant, Annibal Costa, and one Jack Sanders were charged jointly with the crime of an assault with a deadly weapon, alleged to have been committed upon the person of James M. Page.  Sanders entered a plea of guilty, but Costa stood trial, was found guilty as charged, and has appealed from the judgment of conviction and the order denying his motion for new trial.

Appellant's conviction was based upon evidence showing that he had aided and abetted in the commission of the crime.  Part of such evidence consisted of incriminating admissions amounting to a confession of guilt, made by him to

1.  See 8 Cal. Jur. 500.

Thomas F. Gallagher, a police inspector, the day following the assault, and related to the jury by Gallagher after preliminary proof had been adduced to the effect that the same were made freely and voluntarily, without previous inducement, promise of leniency, and not by reason of duress, intimidation, or threats. As grounds for reversal, appellant contends that despite the preliminary proof mentioned, other evidence was adduced showing that said admissions were obtained from him while he was suffering from the effects of corporal punishment inflicted upon him the day before by J. G. Garbutt, the assistant superintendent of the institution wherein the assault occurred, and that therefore said admissions were not freely and voluntarily made and should have been excluded.

The crime was committed in the Alameda County Detention Home, appellant and Sanders, with other juvenile offenders, being at the time confined therein. Page was superintendent of the home and was assaulted when he entered the corridor of the institution preparatory to giving the inmates thereof their noonday meal, being severely beaten on the head and hands by Sanders with an iron strap hinge which had been wrenched from a bunk in appellant's cell. Before entering the corridor, Page requested the inmates to go to their cells, which adjoined the corridor. Believing they had done so, he sought to lock the cells from without by working a lever, and thereupon entered the corridor. As he passed through the entrance gate, Sanders, who was concealed near by, struck Page repeatedly with said iron strap hinge, exclaiming, "Lay down or I will murder you." Although bleeding profusely, Page called for help and Garbutt came to his rescue. Sanders at that time was working the lever to open the cells and appellant was just coming out of his cell but was ordered back by Garbutt. Thereupon Garbutt, after removing the iron strap hinge with which the assault was made from Sanders' hip pocket, assisted Page into the visitors' room, where first aid was rendered. Shortly afterward Page and Garbutt returned to the corridor for the purpose, apparently, of locking Sanders in his cell and of searching the place for dangerous weapons. Garbutt testified that while the search was being made, violence was used on both Sanders and appellant, but he further testified in justification of the use of such violence on appellant (and

his testimony in this regard was not disputed by appellant) that appellant was at the time attempting to injure himself by slashing his wrists with a piece of broken glass; that after calling upon him to desist, which he refused to do, and having attempted unsuccessfully to restrain him physically from carrying out his purpose, he struck appellant on the chin with his fist, rendering him unconscious, and thereupon took the piece of glass away from him.

The next day, the evidence shows, appellant, in the presence of Sanders, Page, and one Flynn, admitted to Inspector Gallagher, in answer to questions propounded by the latter, that he had planned the assault with Sanders the day before it was executed, after having heard some of the other boys discuss a plan to escape; that in pursuance of said plan they forced the two iron bars from the bunk in his cell and it was agreed that the next day Sanders would strike Page with one of said bars, and that if Page fell near appellant's cell, appellant would strike him with the other bar; but that appellant was unable to carry out his part of the plan because Page did not fall when struck by Sanders, and Sanders was unable to get the keys to release appellant.

Further evidence was offered to the effect that Sanders, while being placed in his cell after the assault, and within the hearing of appellant, exclaimed: "If it hadn't been for Costa this never would have happened. He egged me on to it"; also, "He is the cause of getting me into all this trouble"; and at said interview with Inspector Gallagher the day following, and in the presence of appellant, Sanders substantiated most of appellant's inculpatory statements, and in addition declared that while concealed over the door leading into the corridor waiting for Page to enter he said to appellant that he, Sanders, did not have the nerve to hit Page, and that appellant replied: "Go ahead and bean him," at the same time urging Sanders to strike Page with one of the larger iron hinges which had a bolt in it; but Sanders feared that by doing so he might kill Page. Appellant made no reply to any of these accusatory statements at the time the same were made.

Appellant, testifying in his own behalf, denied having planned with Sanders the attempted escape, but admitted having made most of the incriminating statements attributed to him by Inspector Gallagher, claiming, however, that he

merely answered Gallagher's questions with a convenient "yes" or "no," because, as he explained it, he was afraid of being beaten up more.

[1] Even assuming that it could be held as a matter of law that, despite the undisputed testimony of Garbutt as to his justification for striking appellant, the incriminating admissions mentioned were made under circumstances indicating intimidation, the record discloses that appellant made no objections whatever to the introduction of any part of the testimony now complained of, nor was any motion made in his behalf to strike it out. It must therefore be held, in accordance with the well-established rule, that in the absence of such objection the trial court was not called upon to rule upon the admissibility of said admissions, and the same having been received without objection, the admissibility thereof cannot now be questioned. (*People* v. *Matthew,* 194 Cal. 273 [228 Pac. 424] ; *People* v. *Haines,* 64 Cal. App. 628 [222 Pac. 183] ; *People* v. *Brown,* 71 Cal. App. 181 [235 Pac. 72] ; *People* v. *Baird,* 105 Cal. 126 [38 Pac. 633].) The cases cited by appellant in support of his contention are not in point, for the reason that in each of them objections were made to the introduction of the evidence sought to be excluded.

The foregoing evidence being sufficient in our opinion to support the verdict, and finding no error in the record, the judgment and order appealed from are affirmed.

Tyler, P. J., and Campbell, J., *pro tem.,* concurred.