[Crim. No. 1033.   Third Appellate District.—June 15, 1928.]

## THE PEOPLE, Respondent, v. DOUGLAS DAVIS, Appellant.

J. S. Daly for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The information herein charges that the defendant "made, uttered and published and passed a fictitious check," drawn on the Sacramento Branch of the

Bank of Italy. He was convicted and his motion for a new trial was denied. This appeal is from the judgment of conviction and the order denying a new trial. In appellant's opening brief it is said:

"Ernest Clink testified that defendant had called at his home at Sacramento and represented himself to be a steam shovel engineer and asked the witness if he wanted a job as fireman on the shovel at some place in Arizona. The defendant offered to pay the expenses of transportation and after some discussion it was agreed that defendant and Clink should leave next morning for Arizona. In the morning defendant called for Clink and there was some talk about expenses. During this conversation Clink produced a Canadian bank note for ten dollars, saying he would exchange it for American money and use it on the trip. Defendant said that would be unnecessary, and asked Clink to give it to him as 'a souvenir.' Thereupon Clink gave defendant the ten dollar note, and defendant endorsed the check set forth in the information, which purports to have been drawn in favor of John W. Wilkins by Charles Munn, and handed the check to Mrs. Clink in order to provide for the needs of the Clink family until Mr. Clink should obtain wages for work on the steam shovel. Soon after, defendant and Clink went toward the Southern Pacific Depot in Sacramento, and on the way defendant told Clink that he had to stop at the Union Stage Depot at Fifth and I streets for some baggage. Clink waited in the stage depot for about fifteen minutes, and then, concluding that defendant had deserted him, went home and obtained the check and endeavored to cash it at the bank, where he was told there was no such account. An employee of the bank testified that no such person as Charles Munn had an account at the Bank of Italy in either of its branches at Sacramento. A directory was allowed to be introduced in evidence to show there was no such person named therein."

During the examination by Mr. Johnson, deputy district attorney, of a police officer relative to a conversation between the officer and the defendant concerning the check in question, the following occurred:

"Mr. Johnson: Q. What was said regarding the check? Mr. Daly (attorney for defendant): That is objected to on

the ground that it is incompetent at this time, it is hearsay, the proper foundation has not been laid. The Court: Objection sustained. Mr. Johnson: . . . When you are proving by affirmative testimony, unless it is used for the purpose of impeachment, you don't have to show the time and place, or persons present. . . . The Court: Very well, let the objection be overruled then. . . . Q. What if anything, did the defendant say? A. He said Mr. Clink had told him he had this ten dollar Canadian bill, and he thought he would slip the check on him.''

■ Appellant contends that ''guilty knowledge and intent to defraud are of the *corpus delicti*'' and ''cannot be established by extrajudicial admissions or confessions of the defendant'' alone. Defendant's guilty knowledge and intent to defraud are clearly shown by his conduct in connection with the fraudulent transaction, without reference to his admissions or confession.

■ No evidence was introduced to show that the defendant's confession was free and voluntary. Neither did the defendant even suggest at the trial that the confession was not voluntary. The objection quoted, under the circumstances shown, was insufficient. There was nothing in the question to which the objection was made to indicate that a confession was sought to be proved. The argument addressed to the court by the district attorney clearly shows that he understood the objection to relate to the time, place, and persons present when defendant's statement was made, a foundation which need not be laid for the proof of an admission not amounting to a confession, and the court evidently so understood, as indicated by the immediate change of the ruling. Under such circumstances, counsel for defendant should have made his objection specific or should have moved the court to strike out the answer on the specific ground that the confession was not shown to be voluntary. (*People* v. *Smith,* 151 Cal. 619, 624 [91 Pac. 511]; *People* v. *Costa,* 81 Cal. App. 309 [253 Pac. 940, 941]; *People* v. *Willis,* 70 Cal. App. 465, 469 [233 Pac. 812].) Having failed to make such objection or motion, and having failed to suggest to the trial court that the confession was not voluntary, no error can be predicated on the ruling in question. No evidence whatever was offered by the de-

fendant and that introduced by the prosecution points unerringly to his guilt.

The judgment and the order are affirmed.

Hart, J., and Plummer, J., concurred.