[Crim. No. 2998.    Second Appellate District, Division Two.—July 28, 1937.]

THE PEOPLE, Respondent, v. FRANK SMITH, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

McCOMB, J.—Defendant was convicted after trial by the court without a jury of robbery of the second degree. This appeal is from the judgment and order denying the motion for a new trial. There is also a purported appeal from the sentence.

Viewing the evidence most favorable to the prosecution (*People* v. *Dukes,* 90 Cal. App. 657, 659 [266 Pac. 558]), the facts in the instant case are:

March 23, 1937, George S. Mizue about 9:30 in the evening was robbed by defendant and another man of the sum of $11.

Defendant relies for reversal of the judgment on these propositions:

*First: There was not substantial evidence to sustain the trial court's finding that defendant was one of the two men who robbed Mr. Mizue.*

*Second: There is no substantial corroboration of the testimony of defendant's accomplice to show his participation in or connection with the crime of which he was convicted.*

As to defendant's first proposition, we have examined the record and find there was substantial evidence considered in connection with such inferences as the trial judge may have reasonably drawn therefrom to sustain the finding of fact that defendant was one of the men who robbed Mr. Mizue, and to sustain each and every other material finding of fact upon which the judgment was necessarily predicated. Further discussion of the evidence is unnecessary. (*Thatch* v. *Livingston,* 13 Cal. App. (2d) 202 [56 Pac. (2d) 549]; *People* v. *Groves,* 9 Cal. App. (2d) 317, 321 [49 Pac. (2d) 888, 50 Pac. (2d) 813]; *Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399].)

The second proposition urged by appellant is likewise untenable. The complaining witness, who was not an accomplice, identified defendant as one of the men who robbed him. This testimony of itself was sufficient to sustain the trial court's finding of defendant's guilt.

It was the duty of the trial court to pass upon any discrepancy or conflicts in the testimony, and this court will not, where there is conflicting evidence as in the instant case, substitute its judgment for that of the trial judge.

An appeal does not lie from the sentence (*People* v. *Ray*, 13 Cal. App. (2d) 701, 703 [57 Pac. (2d) 975] ; *People* v. *Dunlap*, 12 Cal. App. (2d) 333, 336 [55 Pac. (2d) 522].) Therefore, the purported appeal therefrom is dismissed.

The judgment and order denying the motion for a new trial are and each is affirmed.

Crail, P. J., and Wood, J., concurred.