[Crim. No. 2081.   First Appellate District, Division Two.—December 12, 1939.]

## THE PEOPLE, Respondent, v. JOHN C. HURST, Appellant.

Kenneth Carlton Zwerin for Appellant.

Earl Warren, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

SPENCE, J.—Defendant was charged with petty theft and a prior conviction of a felony. He entered a plea of not guilty but admitted the prior conviction. After a waiver of a jury trial, he was tried by the court sitting without a jury, was found guilty and was sentenced to imprisonment in the state prison. He appeals from the judgment of conviction.

The proceedings upon the trial were very informal as is frequently the case when a jury trial is waived. The entire

transcript of the testimony consists of but nine pages. The prosecution read certain testimony from the transcript of the preliminary hearing and a police inspector testified. Defendant did not take the stand and he offered no testimony. Both sides rested and after the court declared defendant guilty, defendant's counsel waived time for sentence and replied in the negative when asked if there was any legal cause why judgment should not be imposed. Defendant's counsel did request, however, a reference to the probation officer for investigation and the request was granted. When the cause was again called several weeks later, the motion for probation was denied and defendant was sentenced to the state prison. After sentence was imposed, defendant's counsel made a motion for new trial but subsequently withdrew said motion. The appeal from the judgment of conviction followed.

The evidence shows that on February 25, 1939, an overnight bag of the complaining witness, containing wearing apparel and toilet articles, was left in a locked automobile. The automobile was broken into and the bag was stolen during the absence of the complaining witness. Defendant was arrested later the same day while in the act of breaking into another automobile. The bag of the complaining witness was found in the room of the defendant. On the following day, defendant confessed that he had broken into the car of the complaining witness and had stolen the bag in question.

■ Defendant contends that ''The evidence is insufficient to support the verdict for the reason that the purported confession is inadmissible.'' In this connection, defendant points to certain testimony of the officers which indicates that they had told defendant, immediately before he confessed, that if ''he cleaned up all the complaint'', they did not care if he had ''pulled a hundred jobs'', he ''would be booked on one charge, just one charge''. Such inducement on the part of the officers was improper and would have been sufficient, if timely objection had been made in the trial court, to render the confession inadmissible. (*People* v. *Siemsen,* 153 Cal. 387 [95 Pac. 863]; *People* v. *Gonzales,* 136 Cal. 666 [69 Pac. 487]; *People* v. *Castro,* 125 Cal. 521 [58 Pac. 133]; *People* v. *Bateman,* 80 Cal. App. 151 [251 Pac. 335]; 8 Cal. Jur., p. 109 et seq., secs. 201 and 202.)

The peculiar circumstance presented by the record before us is that no objection whatever was made to the introduction of the confession. After defendant's counsel had been permitted to examine the officer prior to the admission of the confession, the officer was asked to relate the conversation with defendant. No objection was interposed and the officer related the main part of the conversation including the confession by defendant of the crime in question. The officer then said, "We asked him how many jobs he had actually pulled." Defendant's counsel interrupted by saying, "I don't think that that is admissible, your Honor. That will properly be before the court on the motion for probation. (To the witness.) In other words, you can confine yourself to this particular charge. He said he stole this bag, which is the subject of this prosecution, out of this automobile?" The witness replied, "He said he had broken into Mr. Gobler's car and took the bag out of the car." It is apparent that the foregoing suggestion of an objection went merely to the defendant's statement regarding the number of "jobs he had actually pulled". The only other suggestion of an objection found in the record was made later on redirect examination of the inspector. The prosecuting attorney propounded the following questions and received the following answers: "Q. You said you asked him how many jobs he had done? A. Yes. Q. What did he say? A. He did not know exactly." Counsel for defendant then said, "I think that would be inadmissible." After discussion, the court overruled the objection and the witness continued, "He said he did not know exactly how many, but he figured about twenty or twenty-five."

It is therefore clear that the only objections interposed were not objections to testimony regarding the confession of the particular crime but were objections to testimony as to defendant's statements concerning the number of crimes which he had committed. As the confession of the particular crime was admitted in the trial court without objection, the objection raised by defendant on this appeal comes too late. (8 Cal. Jur. 500, sec. 516.) In addition, it appears that defendant's counsel, by the question hereinabove set forth, did himself bring defendant's confession into the record, and defendant therefore cannot complain. (*People* v. *Silvers*, 6 Cal. App. 69 [92 Pac. 506].) There was ample evidence,

with or without the confession, to sustain the conviction and a reading of the record convinces us that defendant's present contention was merely an afterthought following the imposition of sentence in the state prison rather than in the county jail.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.