[Crim. No. 5554.   In Bank.   Mar. 16, 1954.]

THE PEOPLE, Respondent, v. PAUL EDWARD MILLUM, Appellant.

Gladys Towles Root and Herbert Grossman for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

SPENCE, J.—Defendant was charged with violation of section 11500 of the Health and Safety Code, in that, on December 16, 1952, he unlawfully had marijuana in his possession. He pleaded not guilty. He was also charged with two prior felony convictions, which he admitted. He waived jury trial, was tried by the court and found guilty. He appeals from the judgment of conviction and also from the sentence. ▮▮▮ Since an appeal from the sentence is not authorized, the purported appeal therefrom will be dismissed. (*People* v. *Abrams,* 108 Cal.App.2d 584, 585 [239 P.2d 75] ; *People* v. *Smith,* 22 Cal.App.2d 209, 211 [70 P.2d 677].)

About 5:30 p. m., on December 16, 1952, two government narcotic agents were admitted into an apartment by a young lady. Defendant was in the bedroom making a telephone call. When he had finished, one of the agents stated that they had information that defendant was selling marijuana and was keeping some in his home. Defendant denied this. The agents then searched the premises. In the bedroom closet they found a man's shirt, in the pocket of which was a cigarette; and they found a suitcase which contained, among other things, a green, leafy substance and a number of defendant's papers. Later analysis identified the leafy substance as marijuana, and disclosed that the cigarette contained marijuana. Under questioning in the apartment, defendant admitted that the

shirt was his but denied knowledge of the contraband. Despite the agents' questioning as to his "source" and "connections," defendant persisted in his denial. Finally, defendant was told that they "were going to book [him] and the young lady," whereupon defendant stated with reference to the marijuana "that it was all his and she had no knowledge of the marijuana being there."

Defendant first contends that the evidence was insufficient to justify conviction because his purported confession was involuntary and therefore inadmissible as evidence. This contention has no merit.* Defendant failed to make a timely objection in the trial court. (*People* v. *Hurst*, 36 Cal.App.2d 63, 64 [96 P.2d 1003].) However, defendant cites certain cases in support of his claim that the question of the involuntariness of the confession may always be raised on appeal. (*Brown* v. *Mississippi*, 297 U.S. 278 [56 S.Ct. 461, 80 L.Ed. 682] ; *People* v. *Rodriguez*, 58 Cal.App.2d 415 [136 P.2d 626] ; accord, *Lee* v. *Mississippi*, 332 U.S. 742 [68 S.Ct. 300, 92 L.Ed. 330].) These cases do not sustain the broad proposition for which they are cited. Their rationale is that a confession may not be the basis of a conviction if the confession was obtained by brutality (*Brown* v. *Mississippi, supra,* 297 U.S. 278) or by sustained pressure through unrelenting interrogation which either in fact broke defendant's resistance so that he answered against his will (*Stein* v. *New York,* 346 U.S. 156 [73 S.Ct. 1077, 97 L.Ed. 1522] ; *Chambers* v. *Florida,* 309 U.S. 227 [60 S.Ct. 472, 84 L.Ed. 716]), or may be assumed to have broken defendant's resistance so that he answered against his will because the questioning was carried on under circumstances which may be called "inherently coercive." (*Ashcraft* v. *Tennessee,* 322 U.S. 143, 154 [64 S.Ct. 921, 88 L.Ed. 1192].) A conviction so premised and allowed by state procedure is said to constitute a violation of due process under the Fourteenth Amendment. The "wrong is so fundamental that it [makes] the whole proceeding a mere pretense of a trial and [renders] the conviction and sentence wholly void." (*Brown* v. *Mississippi, supra,* 297 U.S. at p. 286.) This being so, it follows that the state cannot then rise above the defect and erase the unconstitutional result of its trial procedure by utilizing still another of its procedural rules to prevent the

---

*Counsel appearing on appeal were not counsel for appellant in the trial court.

defendant from raising the question on appeal. (*Lee* v. *Mississippi, supra,* 332 U.S. 742; *Brown* v. *Mississippi, supra,* 297 U.S. 278; *People* v. *Rodriguez, supra,* 58 Cal.App.2d 415.) To hold that the defendant could never assert the involuntariness of a confession on appeal where a timely objection had not been made would, under such circumstances, constitute state sanction of the denial of due process which took place in the trial court. The due process clause proscribes state procedure at this point and guarantees that the question may be asserted on appeal. To the extent that the broad language in *People* v. *Costa,* 81 Cal.App. 309, 312 [253 P. 940], may appear to support a contrary view, it is disapproved.

However, where the evidence of attendant circumstances and methods of procurement of the confession does not disclose conduct which would make the use of the confession a denial of due process, there is no constitutional proscription of state procedure and state procedure prevails.

Only that evidence which is uncontradicted by the state in its version of the attendant circumstances is considered on appeal in determining whether there has been such a denial of due process. (*Stein* v. *New York, supra,* 346 U.S. 156, 183-184; *Gallegos* v. *Nebraska,* 342 U.S. 55, 61-63 [72 S.Ct. 141, 96 L.Ed. 86]; *Harris* v. *South Carolina,* 338 U.S. 68, 69 [69 S.Ct. 1354, 1357, 93 L.Ed. 1815]; *Turner* v. *Pennsylvania,* 338 U.S. 62, 63 [69 S.Ct. 1352, 93 L.Ed. 1810]; *Watts* v. *Indiana,* 338 U.S. 49, 51-52 [69 S.Ct. 1347, 93 L.Ed. 1801]; *Haley* v. *Ohio,* 332 U.S. 596, 597-598 [68 S.Ct. 302, 92 L.Ed. 224]; *Malinski* v. *New York,* 324 U.S. 401, 404 [65 S.Ct. 781, 89 L.Ed. 1029]; *Lyons* v. *Oklahoma,* 322 U.S. 596, 602 [64 S.Ct. 1208, 88 L.Ed. 1481]; *Ashcraft* v. *Tennessee, supra,* 322 U.S. 143, 152-153; *Ward* v. *Texas,* 316 U.S. 547, 550, 552, 555 [62 S.Ct. 1139, 86 L.Ed. 1663]; *Lisenba* v. *California,* 314 U.S. 219, 238 [62 S.Ct. 280, 86 L.Ed. 166]; *Chambers* v. *Florida, supra,* 309 U.S. 227.)

The undisputed evidence here discloses that the officers were present in the apartment with the defendant but three or four hours, during which time the confession was made; that the closet was searched for about 25 minutes out of the above period, during which time defendant was asked but a few questions; that the questioning was sporadic, being at various times between and after searches for the marijuana; that defendant's girl friend and another person, a boy who also lived in the house, were present during the entire time,

neither of whom was called upon to testify; that defendant and his friends were allowed to eat during the above period when they became hungry; and that the longest period of questioning was about 30 minutes, and during the course of even this short period there were interruptions, and no other officer in relay took up the inquiry during such interruptions. Therefore, the most that can be said of this evidence is that defendant was questioned in the presence of officers; and the mere questioning of a suspect in the custody of officers is not a denial of due process. (*Stein* v. *New York, supra,* 346 U.S. 156, 184-185; *Lyons* v. *Oklahoma, supra,* 322 U.S. 596, 601; *Lisenba* v. *California, supra,* 314 U.S. 219, 239-241.) None of the circumstances which appeared in such cases as *Watts* v. *Indiana, supra,* 338 U.S. 49; *Haley* v. *Ohio, supra,* 332 U.S. 596; *Ashcraft* v. *Tennessee, supra,* 322 U.S. 143, appear in the present case. There was no sustained questioning by relays for long hours, without rest, when no friends, relatives or counsel were present. It is therefore apparent that state procedure here prevails. Thus the rule stated in *People* v. *Hurst, supra,* 36 Cal.App.2d 63, fully answers defendant's contention. It was there claimed that a confession induced by holding out more lenient treatment was inadmissible, and therefore the evidence was insufficient to support the conviction. The court stated that such inducement of a confession was improper and would have been sufficient to render the confession inadmissible if timely objection had been made in the trial court; but "as the confession of the particular crime was admitted in the trial court without objection, the objection raised by defendant on this appeal comes too late." (36 Cal.App.2d at p. 65.)

For the same reason, defendant may not now assert that error occurred through the introduction of certain accusatory statements which were made by one of the narcotic agents to the defendant. As was said in *People* v. *Stepp,* 82 Cal.App.2d 49, at page 51 [185 P.2d 417] : "Section 1870, subdivision 3, of the Code of Civil Procedure authorizes the admission of such testimony, and when it is admitted without objection, there is no error on the part of the trial court which may be urged on appeal." (*People* v. *Simmons,* 28 Cal.2d 699, 723 [172 P.2d 18] ; *People* v. *King,* 114 Cal. App.2d 95, 104 [249 P.2d 563].)

Defendant finally contends that the evidence was insufficient to show his knowledge of the contraband, and therefore is insufficient to justify his conviction. Defendant

cites the fact that two other persons were also living in the apartment at the time of its search and his arrest. However, the marijuana cigarette was found in the pocket of defendant's shirt; and marijuana was found, with papers belonging to defendant, in a suitcase. Both the shirt and suitcase were in the closet of the bedroom which defendant admittedly occupied. While defendant's knowledge of the presence of marijuana must be shown (*People* v. *Gory*, 28 Cal.2d 450, 456-457 [170 P.2d 433]), the presence of the marijuana in his room, in his shirt, and among his personal papers is sufficient evidence of possession of it by him, and justified an inference that he had knowledge that it was there. (*People* v. *Hoff*, 84 Cal.App.2d 398, 400 [190 P.2d 616]; *cf. People* v. *Van Valkenburg*, 111 Cal.App.2d 337, 340 [224 P.2d 750].) In addition, defendant's admission at the time of his arrest in conjunction with the above evidence amply support the trial court's finding that defendant knowingly possessed the marijuana. (*People* v. *Martinez*, 117 Cal.App.2d 701, 707 [256 P.2d 1028].)

The purported appeal from the sentence is dismissed. The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.