[Crim. No. 1911. Fourth Dist. Dec. 18, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT LEO JENKINS, Defendant and Appellant.

Charles E. Ward, Public Defender, and Robert W. Sutton, Deputy Public Defender, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and C. Anthony Collins, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), J.—A jury found defendant guilty of violating Penal Code section 459 (burglary), and not guilty of violating Penal Code section 496 (receiving stolen prop-

erty), as charged in a two-count information. Defendant appeals from the judgment and order denying a new trial, contending (1) prejudicial error in the judge conversing with and instructing the jury out of court in the absence of defendant and his counsel, no record having been made of the conversation; and (2) insufficiency of the evidence.

(1) *Was there prejudicial error?*

The case was submitted to the jury at 11:52 a.m. A verdict was reached at 9:07 p.m. In the early afternoon the trial judge had an unreported conversation with the jury out of court without the knowledge or presence of defendant or his counsel. This was error in violation of Penal Code sections 1043 and 1138. ▇ Whether there is prejudicial error resulting in a miscarriage of justice must, in the last analysis, depend upon the particular facts of the individual case. (*People* v. *Weatherford*, 27 Cal.2d 401, 418 [164 P.2d 753].)

▇ What occurred in the present situation is set forth in affidavits of defendant's attorney, the trial judge and the foreman of the jury. Defendant's attorney, in his affidavit, stated that following the verdict he was advised by jurors and the bailiff that the trial judge had answered questions of the jury foreman about the law of the case, at the jury room during the deliberations of the jury, in the absence of the defendant and his counsel; the attorney also discussed the matter with the trial judge who stated he had talked with the jurors regarding the law of burglary in the absence of defendant and his counsel; that the judge did not recall any further conversation with the jury. The affidavit of the trial judge stated that while he was walking by the door of the jury room en route to his chambers, the bailiff opened the door in response to a knock; the bailiff received a piece of paper from the foreman which was handed to the judge in the hallway inquiring, "What acts amount to first degree burglary?" The judge then "stepped to the doorway of the jury room and advised the foreman orally that the jury had been instructed to find the defendant not guilty as to Count One, or in the alternative, to find the defendant guilty of burglary in the second degree, and that the jury was not to be concerned about first degree burglary. ..." The judge stated he did not discuss the subject of admissions; also the defendant and his attorney were not present. The affidavit of the foreman of the jury provides that at one time during the deliberations of the jurors the vote was 11 to 1 for acquittal on both counts; that during the deliberations certain ques-

tions arose regarding the definition of second degree burglary and the application of instructions regarding admissions; that upon request, without the presence of defendant or his counsel, the trial judge came before the jury and discussed with it the law of burglary and the applicability of the instructions regarding admissions.

Disregarding the affidavit of the foreman of the jury and that of the attorney insofar as it relates to information supplied by the jurors (*People* v. *Weatherford, supra,* 27 Cal.2d 401, 418 [4]) there is sufficient foundation to present the question of prejudicial error on the affidavit of the trial judge and that which remained of the attorney's affidavit. The affidavit of the trial judge was considered and weighed by him on a motion for new trial. This presented the anomalous situation of the court being both witness and judge of his own testimony, relying on his memory rather than reported events. The judge was in the untenable position of either believing his own affidavit or rejecting it in preference to another, thus ruling his own evidence untrustworthy.

For the court to have instructed the jury in the manner in which it did under the circumstances of the case, constituted prejudicial error and a miscarriage of justice. In *People* v. *Weatherford, supra,* 27 Cal.2d 401, 420, it is said: "The phrase 'miscarriage of justice' (Const. art. VI, § 4½), as said in *People* v. *Wilson,* 23 Cal.App. 513, 524 [138 P. 971], 'does not simply mean that a guilty man has escaped, or that an innocent man has been convicted. It is equally applicable to cases where the acquittal or the conviction has resulted from some form of trial in which the essential rights of the people or of the defendant were disregarded or denied. The right of the accused in a given case to a fair trial, conducted substantially according to law, is at the same time the right of all inhabitants of the country to protection against procedure which might at some time illegally deprive them of life or liberty.' (See, also, *People* v. *Albertson, supra,* at p. 553 [23 Cal.2d 550 (145 P.2d 7)]; *People* v. *Dail, supra* [22 Cal.2d 642 (140 P.2d 828)]; *People* v. *Silver, supra* [16 Cal.2d 714 (108 P.2d 4)].)"

While the judgment must be reversed upon the above ground we shall consider the other question upon appeal which may be fruitful in a final determination of the case.

(2) *Is the evidence insufficient to support the verdict?*

During the first week of October 1962, defendant took boxes of household goods and a television set to the

home of a Mrs. Christian, where he frequently visited. He stated that he had obtained these items at Ryan's Body and Fender Shop, where he was employed. Ryan used six buildings; building No. 6 contained four compartments designated A, B, C, and D. Each compartment had padlocked double doors. Compartment B was used by a Mr. Faught to store his personal property which included the aforementioned television and household goods as well as tools and other household furniture. On October 13, 1962, Ryan entered Compartment A. He looked into Compartment B which was freely accessible from Compartment A and noticed tools missing. Ryan notified Faught who examined the loss, and later identified the television set taken by defendant to Mrs. Christian's home, along with other household goods, as his property. Locks had been broken including the lock on Compartment B. When a deputy sheriff questioned the defendant about the television set, he said that he had purchased it from a man named John at the Maid-Rite Cafe. In a later statement defendant said Ryan sold him the television set for $25. In a conversation over the interphones in the jail visiting room, defendant told Mrs. Christian to say that she could not recall whether defendant paid $15 or $25 for the television set.

Defendant contends that even assuming he entered the compartment containing Faught's property, there is no evidence that he did so without authorization or with intent to steal. This contention is unsupported by the record. Faught's testimony established that he had exclusive possession of the area and at no time gave defendant authority or permission to enter or remove property therefrom. ▇ While possession of property stolen in a burglary alone is not of itself sufficient to sustain a conviction of burglary, only slight corroborating evidence in addition is required, and failure to show that possession of the property was honestly obtained is a circumstance tending to show guilt. (*People* v. *Citrino,* 46 Cal.2d 284, 288-289 [294 P.2d 32].) Though the missing tools were never found, defendant was in possession of other goods stolen. ▇▇ Defendant's diverse statements regarding the origin of the property and his instructions to Mrs. Christian over the jail interphone established adequate corroboration as stated in *People* v. *Kefry,* 166 Cal.App.2d 179, 189 [332 P.2d 848], "Thus, it is well settled that possession, coupled with false statements as to the manner in which the property came into defendant's possession, may be sufficient to sustain a conviction...."

Defendant's next contention is that his possession of the TV set and the household goods is inconsistent with evidence bearing upon the theft of the tools, since the TV and household goods were delivered to Mrs. Christian some time before October 5, while the theft of the tools took place two or three days before October 13. The record provides some support of this theory, however, there is also evidence from which the jury might conclude that the burglary took place some time around the first of the month and before the TV and household goods were delivered to Mrs. Christian.

While the evidence is largely circumstantial in nature, and the inferences drawn therefrom conflicting, it cannot be said that the evidence is insufficient to support the verdict.

Judgment reversed and appeal from order denying new trial dismissed.

Griffin, P. J., and Coughlin, J., concurred.