[Crim. No. 12494. Second Dist., Div. Two. Sept. 6, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. FREDDIE LEE DUTCH, Defendant and Appellant.

Paul M. Posner, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kerrigan, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Defendant appeals from the judgment entered following a jury trial that resulted in his conviction on three counts of an information, each charging him with the crime of robbery. The jury determined that the robberies were of the first degree and that appellant was personally armed during the commission of one of these crimes. Appellant admitted his prior conviction of possession of marijuana.

By way of assignments of error appellant contends that (1) articles obtained during an alleged illegal search and seizure were improperly received in evidence against him; (2) he was denied effective assistance of counsel by reason of his counsel's failure to object to the introduction of the allegedly illegally seized evidence; and (3) the court erred in accepting jury verdicts finding appellant guilty of first degree robbery on two counts in which there was a finding that he was not armed. Each of these contentions is without merit.

"Defendant did not object at any point in the trial to the admission of evidence on the ground that it was obtained by an unlawful search and seizure, and she may not raise the matter for the first time on appeal. [Citations.]" (*People* v. *Richardson,* 51 Cal.2d 445, 447 [334 P.2d 573].)

"Except in certain circumstances not present here, the admissibility of evidence will not be reviewed on appeal in the absence of a sufficient objection in the trial court. [Citations.]" (*People* v. *Robinson,* 62 Cal.2d 889, 894 [44 Cal. Rptr. 762, 402 P.2d 834].)

Appellant, however, argues that the rule enunciated in these cases was established following the decision in *People* v. *Cahan,* 44 Cal.2d 434, 442 [282 P.2d 905, 50 A.L.R.2d 513], wherein California adopted the exclusionary rule as a "judicially declared rule of evidence" rather than under compulsion of a federal constitutional mandate. (*Mapp* v. *Ohio,* 367 U.S. 643 [6 L.Ed.2d 1081, 81 S.Ct. 1684, 84 A.L.R.2d 933].) Therefore, his argument continues, this rule should now be discarded since the receipt of illegally obtained evidence is prohibited by substantive federal law. (*Mapp* v. *Ohio, supra.*) This argument is unpersuasive since our Supreme Court in *People* v. *Robinson, supra,* 62 Cal.2d at p. 894, specifically cited *Henry* v. *Mississippi,* 379 U.S. 443, 447-449 [13 L.Ed.2d 408, 412-413, 85 S.Ct. 564], thereby demonstrating its full awareness of the constitutional nature of an accused's rights in this regard and its conclusion that our long established "procedural rule serves a legitimate state interest." (*Henry* v. *Mississippi, supra,* at p. 447 [13 L.Ed.2d at p. 412].)

Similarly, *People* v. *Ibarra,* 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487], the decision most strongly relied upon by appellant, lends no support to either of his first two assignments of error. As to his initial contention the court squarely stated at pages 462-463:

"Since defense counsel made no objection to the admission of the heroin, the trial judge was not called upon to resolve the conflict between the testimony of Mrs. Santa Maria and that of the police as to her consent to their entry, nor was he called upon to determine whether the police had probable cause to arrest defendant. The absence of any objection at the trial likewise precludes defendant from obtaining resolution of these issues on appeal. (*People* v. *Rojas,* 55 Cal.2d 252, 260 [10 Cal.Rptr. 465, 358 P.2d 921, 85 A.L.R.2d 252]; *People* v. *Richardson,* 51 Cal.2d 445, 447 [334 P.2d 573].) Defendant contends that even though no objection was raised at the trial, this court may reverse a conviction if undisputed evidence shows an infringement of defendant's constitutional rights. (See *People* v. *Millum,* 42 Cal.2d 524 [267 P.2d 1039].) Defendant admits, however, that the lawfulness of the

officers' entry into the apartment involves a conflict in the testimony.''

In the instant case there is nothing in the record tending to show that appellant's arrest and the incident search were in any way improper or illegal. Officer Park of the Los Angeles Police Department was asked if he had arrested appellant at a designated address on a certain date. When he answered in the affirmative, further inquiry developed the fact that a shotgun similar to the one used in these robberies was discovered on the premises as were various items of property which had been stolen in the robberies. In addition, false identification papers and pawn tickets were found in one of the upstairs bedrooms in a suit of clothing which appellant conceded was his. He freely admitted that he had obtained and used the false driver's license in connection with his pawning of certain other items of loot taken in the robberies.

No objection having been made to the introduction of this evidence, and in the absence of testimony, conflicting or otherwise, that would tend to suggest the illegality of appellant's arrest or the search conducted incident thereto, no ruling thereon was required of the trial court. Therefore, there is nothing before us properly falling within the scope of appellate review.

Nevertheless, appellant argues in support of his second assignment of error that the evidence received at his preliminary hearing demonstrated at least a justiciable question as to the propriety of his arrest and search and that the failure of his counsel to raise such issue deprived him of his right to effective representation of counsel. This argument, however, indicates a misunderstanding of the decision in *Ibarra*. As the court noted in *Ibarra* at page 465: ''In the present case *the record demonstrates* that defendant's counsel *did not know of the rule* that defendant could challenge the legality of the search and seizure even though he denied that the heroin was taken from him and asserted no proprietary interest in the premises that were entered. [Citations.]'' (Italics added.)

Further, the court in *Ibarra* disposed of the Attorney General's argument ''that counsel's failure to object to the introduction of the heroin into evidence may have reflected a considered judgment'' by pointing out at page 466: ''*Counsel's statement* to the court *makes perfectly clear* that his decision *reflected, not judgment, but unawareness of a rule of*

*law* basic to the case; a rule that reasonable preparation would have revealed." (Italics added.)

No such lack of knowledge is shown by the instant record. Appellant's defense counsel gave appellant a most careful and able defense. He was effective in every particular and his decision not to object to the receipt of the evidence appears a reasonable and partially successful, trial tactic. In three of the five counts of robbery charged against appellant, he had been positively identified as one of the robbers. In the other two counts he had not been identified and the prosecution's case was based upon inferences to be drawn from the fact that loot taken from these robberies was found in the residence where appellant was arrested; as was the weapon used in all of the several robberies. Appellant's defense was based on alibi and the contention that he was merely a visitor in the residence wherein he was arrested. That is to say, appellant hoped to convince the jurors that the true culprit was his codefendant Wheaton, who previously had pleaded guilty, and who admittedly resided on the premises, i.e., that Wheaton had committed all the robberies and had implicated appellant who had innocently agreed to pawn several items for Wheaton in ignorance of their stolen character.

This tactical decision was in part successful since the jury returned not guilty verdicts on counts four and five wherein the victims had been unable to positively identify appellant. Therefore, this decision "did not reduce the trial to a 'farce or a sham,' the test used to determine whether counsel's representation was ineffective. (*People* v. *Wein,* 50 Cal.2d 383, 410 [326 P.2d 457]; *People* v. *Robillard,* 55 Cal.2d 88, 96-98 [10 Cal.Rptr. 167, 358 P.2d 295, 83 A.L.R.2d 1086], cert. den. 365 U.S. 886 [81 S.Ct. 1043, 6 L.Ed.2d 199]; *People* v. *Hughes,* 57 Cal.2d 89, 99 [17 Cal.Rptr. 617, 367 P.2d 33]; *People* v. *Ibarra,* 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487]; see generally, cases collected in 74 A.L.R.2d 1390, 1399; and cases commented on (1947) Colum.L.Rev. 115, 117.) In the heat of a trial, defendant's counsel is best able to determine proper tactics in the light of the jury's apparent reaction to the proceedings. Except in rare cases an appellate court should not attempt to second-guess trial counsel. (*United States* v. *Stoecker,* 216 F.2d 51, 52; *People* v. *Martin* (1920) 210 Mich. 139 [177 N.W. 193].)" (*People* v. *Brooks,* 64 Cal.2d 130, 139-140 [48 Cal.Rptr. 879, 410 P.2d 383].)

In addition, of course, it appears that defendant's trial counsel may well have known facts not revealed by the record

which would have rendered appellant's contention regarding the propriety of his arrest wholly frivolous. If true, he was doubtless correct in avoiding the vain use of obstructive and dilatory tactics. As noted in *People* v. *Garrison,* 246 Cal. App.2d 343, 351 [54 Cal.Rptr. 731] : ''The decisions which counsel must make in the courtroom will necessarily depend in part upon what he then knows about the case, including what his own client has told him. There may be considerations not shown by the record, which could never be communicated to the reviewing court as a basis for its decision. Thus, the appellate court's inability to understand why counsel did as he did cannot be a basis for inferring that he was wrong.''

This observation is particularly apposite in the instant case. At one point the trial judge asked appellant's counsel if he wished the jury to hear evidence concerning the arresting officer's compliance with the rules enunciated in *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], and *Escobedo* v. *Illinois,* 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758] before taking certain statements from appellant following his arrest. Appellant's counsel replied :

''But in so far as your question—direct answer to your question about Dorado, Escobedo, I don't intend to make an objection on those grounds as to the conversation coming in because, number one, the foundation laid by myself on voir dire of the officer, and number two, *my knowledge of the case in so far as the defendant's defense,* so I think that it would be a waiver by not objecting to it, and I don't think it would be an issue that even be—unless it's raised—to be even proper to go to the jury by way of jury instructions. . . .

''My failure to object, I think, amounts to a waiver, and I am being as candid as I can with this Court as to why I am not objecting, *without divulging a privileged communication between myself and my client.''* (Italics added.)

The astute defense afforded appellant by his counsel precludes any possibility that appellant's counsel did not realize that illegally obtained evidence is inadmissible in California. His calculated decision to waive a meritless *Dorado* objection, in part due to information supplied him by his client, likewise offers convincing proof that his decision that an objection to the introduction of the items recovered in the search would be equally unmeritorious and its assertion incompatible with the theory of the defense being asserted. Most assuredly the defense afforded appellant was not a farce and a sham.

█ Appellant's final assignment of error is likewise

without merit. There is no inconsistency in the jury's verdicts finding appellant guilty of first degree robbery in all three counts although finding him personally armed as to only one count. The evidence is clear that a shotgun was used by the robbers in each robbery, but in only one instance was appellant brandishing the weapon himself. Each accomplice to a robbery is guilty of robbery in the first degree so long as one of his accomplices was armed. (*People* v. *Navarro,* 212 Cal. App.2d 299, 304 [27 Cal.Rptr. 716]; *People* v. *Perkins,* 37 Cal.2d 62, 64 [230 P.2d 353].) The fact that the jury found untrue the allegation that appellant was personally armed as charged in two counts of the information is immaterial and was in no wise inconsistent with the verdicts returned.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 1, 1967.