[Crim. No. 14049. Second Dist., Div. One. Apr. 10, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. ALBERT KEITH WILLIAMS, Defendant and Appellant.

Mitchell J. Grossman, under appointment by the Court of Appeal, and Blaisch, Baron & Grossman for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Michael H. Fabian, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of burglary in the second degree.

In an information filed in Los Angeles on March 3, 1967, defendant was charged with codefendant Morrison with burglarizing the apartment of Will Rainey on February 3, 1967, and in count 2 with receiving stolen property, a stereo-

television set, on February 4, 1967. It was further charged that Williams previously had been convicted of the crime of violating the provisions of section 459, Penal Code, on or about July 6, 1965. Morrison pleaded *nolo contendere* to the burglary charge (count 1). Williams waived a jury trial and the cause was submitted upon the testimony contained in the transcript of the proceedings had at the preliminary hearing, all exhibits to be received into evidence subject to the rulings of the court. At the further hearing Morrison testified for the prosecution. Williams was found guilty of burglary in the second degree and not guilty of receiving stolen property. The charge of the prior conviction was found to be true. Williams was sentenced to the state prison, the term to run consecutively to a sentence in superior court case numbered 302765. The court said at the time of sentence, "His record would indicate that he is a confirmed burglar. He has problems but they are problems of his own choice. This is a very, very poor record." and "He got a break on the degree. But with this record, I mean we have a man that apparently is a confirmed burglar and apparently all we can do is to protect society. He will eventually get out and if this record indicates anything, he will go back to the same practice." A timely notice of appeal was filed.

A résumé of some of the facts is as follows: Defendant on the evening of February 3, 1967, met codefendant John Carlos Morrison at Morrison's girl friend's apartment. They left immediately and together plotted the burglary of an apartment on South Arlington in Los Angeles, intending to use a key which had come into Williams' possession. Later in the evening they visited the apartment but found that because the door had a double lock they could not use the key so instead they removed a screen and entered the first floor apartment through one of the windows.

Once inside the apartment, Williams and Morrison decided to take the combination stereo-television set and together they removed it to the alley. Although it was by then early in the morning of February 4, 1967, Morrison determined to get a friend to assist them. He went to the residence of Patrick Joseph Kline and awakened Kline to request the use of his car. Although Kline was reluctant to participate, he finally agreed and returned with Morrison who directed him to park in an adjacent alley. Morrison left the car and returned with appellant carrying the television set which they placed in the trunk of the car.

The trunk of the car would not close over the television set,

but the trio drove the car out of the alley with the trunk partly open. When they reached Sixth and Washington at 1:05 a.m. which is but a short distance from the address where the burglary occurred, they were stopped and questioned by Officer Keegan of the Los Angeles Police Department. In response to Officer Keegan's questions, Morrison stated that the television set belonged to him, but the officer nonetheless placed all three men under arrest.

Will Rainey, the victim of the burglary, left his apartment on February 3, 1967, at about 11:30 p.m. When he returned at 2:30 a.m., February 5, 1967, he found the bedroom screen pulled off and his stereo-television combination set missing. His name was imprinted on the back of the television set found in appellant's possession, which he identified. Police investigators checking upon his report of the burglary found the fingerprints and palmprints of Morrison on the bedroom windowsill.

Appellant contends that because the arrest, search and seizure were illegal the stolen television set should have been excluded from evidence; that the testimony of an accomplice was not adequately corroborated; that the evidence was not sufficient to support the judgment; and that the trial court erred in pronouncing sentence. These contentions are without merit.

■ Although appellant contends that the arrest was unlawful he at no time made objection in the trial court nor did he request that the evidence be excluded there. The issue of illegal arrest, search and seizure may not be raised for the first time on appeal. (*People* v. *Cockrell*, 63 Cal.2d 659, 667 [47 Cal.Rptr. 788, 408 P.2d 116] ; *People* v. *Ross*, 67 Cal.2d 64, 71 [60 Cal.Rptr. 254, 429 P.2d 606] ; *People* v. *Dutch*, 254 Cal.App.2d 163, 164 [61 Cal.Rptr. 727].) "Except in certain circumstances not present here, the admissibility of evidence will not be reviewed on appeal in the absence of a sufficient objection in the trial court." (*People* v. *Robinson*, 62 Cal.2d 889, 894 [44 Cal.Rptr. 762, 402 P.2d 834].) Appellant did not cross-examine the police officer who merely testified to making the arrest and to the fact that upon inquiry he was told the television set belonged to Morrison. "No objection having been made to the introduction of this evidence, and in the absence of testimony, conflicting or otherwise, that would tend to suggest the illegality of appellant's arrest or the search conducted incident thereto, no ruling thereon was required of the trial court. Therefore, there is

nothing before us properly falling within the scope of appellate review." (*People* v. *Dutch, supra,* 254 Cal.App.2d 163, 165-166.)

■ ■ Appellant contends that the testimony of Kline, who appellant asserts was an accomplice, was not adequately corroborated. Although Kline was taken into custody and subsequently released, he is not necessarily an accomplice to the crime since by definition an accomplice must voluntarily, with guilty knowledge and common intent with the principal offender, unite in the commission of the crime. (*People* v. *Phillips,* 240 Cal.App.2d 197, 202 [49 Cal.Rptr. 480] ; *People* v. *Shaw,* 17 Cal.2d 778 [112 P.2d 241] ; *People* v. *Duncan,* 53 Cal.2d 803 [3 Cal.Rptr. 351, 350 P.2d 103].)

In any event, the testimony of Kline was adequately corroborated by independent evidence connecting appellant with the crime. Appellant was found by the police at 1:05 a.m. in the car carrying the stolen television set, only a short distance from the location of the burglarized apartment, with a companion whose fingerprints were later discovered in the victim's apartment. Kline's testimony is further corroborated by the conceded fact that Morrison aroused him early on February 4, 1967, to have him drive to the apartment and assist Morrison and appellant to move the television set. ■ " 'The evidence required for corroboration of an accomplice ". . . is sufficient if it does not require interpretation and direction from the testimony of the accomplice yet tends to connect the defendant with the commission of the offense in such a way as reasonably may satisfy a jury that the accomplice is telling the truth; it must tend to implicate the defendant and therefore must relate to some act or fact which is an element of the crime but it is not necessary that the corroborative evidence be sufficient in itself to establish every element of the offense charged." ' " (*People* v. *Luker,* 63 Cal.2d 464, 469 [47 Cal.Rptr. 209, 407 P.2d 9].) ■ The corroborating evidence may be circumstantial (*People* v. *Henderson,* 34 Cal.2d 340, 343 [209 P.2d 785]) and it "may be slight and entitled to little consideration when standing alone." (*People* v. *Wayne,* 41 Cal.2d 814, 822 [264 P.2d 547].)

■ ■ The record demonstrates evidence sufficient to support appellant's conviction. Appellant was, indeed, found in possession of the stolen television set, and only slight corroborating evidence in addition to possession of stolen property need be shown to support a conviction for burglary. (*People* v. *Byrd,* 228 Cal.App.2d 646, 650 [39 Cal.Rptr. 644] ; *People*

v. *Jenkins,* 223 Cal.App.2d 537, 541 [35 Cal.Rptr. 776].) The circumstances set forth above show that appellant was found in the dark, early hours of the morning leaving but still near the scene of the burglary, a fact significant in itself. (*People* v. *Beverly,* 200 Cal.App.2d 119, 123-124 [19 Cal.Rptr. 67].) Kline testified that appellant assisted Morrison to load the television set into his car. Morrison testified that appellant entered the apartment first, that once inside they both decided to take the television set, that Morrison got Kline and his car, and that he and appellant took the television set from the apartment and loaded it into the car. The evidence, with all reasonable inferences therefrom, supports the conviction. (*People* v. *Bernalley,* 185 Cal.App.2d 326, 331 [8 Cal.Rptr. 375].)

 Appellant contends that the court, in revoking appellant's probation on a prior charged felony conviction, sentencing appellant to prison for the term prescribed by law for the commission of the burglary in the instant case, and providing that the sentences should run consecutively, committed error. Such is not the case. It is specifically provided by statute that the court may, at any time during the probationary period and upon rearrest of the person subject to probation, revoke and terminate such probation in the interests of justice. (Pen. Code, § 1203.2.) It is further provided that when an individual is convicted of two or more crimes, the subsequent judgment ". . . shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently, or whether the imprisonment to which he is or has been sentenced upon the second or other subsequent conviction shall commence at the termination of the first term of imprisonment . . . ." (Pen. Code, § 669.) "If the defendant stands convicted of two or more crimes and is subject to multiple terms of imprisonment, it is the further duty of the trial court to decide in its discretion whether such terms are to be served concurrently or consecutively." (*In re Sandel,* 64 Cal.2d 412, 416 [50 Cal.Rptr. 462, 412 P.2d 806].)

 The court, therefore, properly exercised its discretion. Appellant's final contention that he was deprived, in his earlier trial, of the aid of counsel prior to conviction, cannot stand. "It is elementary that the function of an appellate court, in reviewing a trial court judgment on direct appeal, is limited to a consideration of matters contained in the record of trial proceedings, and that 'Matters not presented by the record cannot be considered on the suggestion of counsel in

the briefs.' [Citations.] It is therefore clear that we cannot consider on direct appeal the matter here sought to be raised." (*People* v. *Merriam,* 66 Cal.2d 390, 396-397 [58 Cal. Rptr. 1, 426 P.2d 161].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied May 9, 1968.