[Crim. No. 4946. Second Dist., Div. Two. May 26, 1953.]

THE PEOPLE, Respondent, v. JORDAN S. BURCH, Appellant.

Gordon, Schaffer & Lang and Walter L. Gordon, Jr., for Appellant.

Edmund G. Brown, Attorney General, and Ellis Peter Miller, Deputy Attorney General, for Respondent.

McCOMB, J.—From an order denying defendant's motion for a new trial after a judgment of guilty of violating (a) subdivision 1 of section 337a of the Penal Code (poolselling and bookmaking) and (b) subdivision 6 of section 337a of the Penal Code (accepting a bet) following trial before the court without a jury, defendant appeals.

Viewing the evidence as we must in the light most favorable to the People (respondent) the record discloses that on May 30, 1952, two Los Angeles police officers observed defendant in front of a barbershop conversing with two men and consulting a newspaper. Shortly after the discussion defendant entered a public telephone booth located outside of the barbershop and made a telephone call. On leaving the telephone booth he reapproached the two men and nodded his head, whereupon the two men left.

Shortly thereafter the police officers observed defendant talking with two women seated in an automobile in front of the barbershop. Defendant had been seen to consult a newspaper and hand it back to the women immediately prior to his entering the telephone booth. He then returned to the car and one of the officers heard the woman behind the wheel say, "Give me two dollars to win on Willow Way in the first race at Hollywood Park." Defendant stated, "O.K." The passenger in the car then stated to defendant, "And give me one dollar to win on Red Bachelor in the first race at Hollywood Park." As the women started to place some money in defendant's hand they observed one of the officers standing behind defendant and immediately replaced the money in their pockets. Thereupon the officers identified themselves and took from defendant's hand a copy of the Los Angeles Daily News, dated May 30, 1952. The paper was turned to the sports section containing the Hollywood Park handicap. The officers found upon examining a National Daily Reporter scratch sheet that both Willow Way and Red Bachelor were running in the first race at Hollywood Park on that date.

At the trial, after qualifying as an expert, one of the officers testified that the conversation which had been overheard between defendant and the women in the automobile disclosed a form of oral bookmaking which was typical in Los Angeles. He also testified that, "Two dollars to win on Willow Way in the first at Hollywood Park" meant a two-

dollar bet placed on a horse to win in the first race at Hollywood Park and gave a similar interpretation of the statement alluding to "Red Bachelor in the first race at Hollywood Park."

After defendant's motion for a new trial was denied, defendant was placed on probation for a period of five years the first six months of the probationary period to be spent in the county jail.

*Questions*: First: *Was there substantial evidence to sustain the finding that defendant was guilty of a violation of section 337a, subdivision 1, of the Penal Code?*

*Yes.* Subdivision 1 of section 337a of the Penal Code reads in part as follows: "Every person, 1. Who engages in . . . bookmaking, with or without writing, at any time or place . . . Is punishable by imprisonment in the county jail or state prison for a period of not less than thirty days and not exceeding one year." The provision quoted states clearly that the offense of bookmaking can take place without a writing. There is no requirement that the bet be recorded. For a case under an identical statute, directly in point, see *People v. Busco,* 46 N.Y.Supp.2d 859, where, at page 868 the court says: ". . . . Under the old decisions, it was necessary that a writing be made. The term itself implies that some written memoranda be used. However, the Legislature, in order to cope with the clever devices and subterfuges employed, amended the section and gave a new meaning to the word bookmaking . . . It is clear, therefore, that oral bookmaking is as much a violation of the statute as is written bookmaking. In view of the express mandate of the Legislature, in giving a new definition to the term 'bookmaking,' many of the opinions rendered by our courts must now be disregarded." Obviously from the facts set forth above defendant engaged in bookmaking, a violation of subdivision 1 of section 337a of the Penal Code.

Second: *Was there substantial evidence to sustain the finding that defendant was guilty of violating subdivision 6 of section 337a of the Penal Code?*

*Yes.* Section 337a of the Penal Code reads in part as follows: "Every person, 6. Who, . . . offers or accepts any bet or bets, or wager or wagers, upon the result, or purported result, of any trial, or purported trial, or contest, or purported contest, of skill, speed or power of endurance of man or beast; . . . Is punishable by imprisonment in the county jail or state

prison for a period of not less than thirty days and not exceeding one year.''

The evidence set forth above shows without question that defendant accepted a wager upon a trial or purported trial of speed between beasts (horses). It is unnecessary that there be a volume of gambling or business of gambling. One instance of accepting a wager under the prohibited circumstances constitutes a violation of the code section. *In re Roberts,* 157 Cal. 472 [108 P. 315], relied upon by defendant, is inapplicable herein for the reason that since the decision in such case the statute has been amended so that it is no longer required that in order to constitute a violation of section 337a there must be proof that the wager was for gain, hire or reward. ■■ Under the law as it now stands the acceptance of the bet is the offense, irrespective of the gain to defendant.

Defendant relies on certain decisions from other jurisdictions, such as *New York* v. *Bennett,* 113 F. 515, *Murphy* v. *Board of Police,* (N.Y.) 11 Abb. N.C. 337, *People* v. *Laude,* 81 Misc. 256 [143 N.Y.S. 156], *Spies* v. *Rosenstock,* 87 Md. 14 [39 A. 268] and *Board of Comrs.* v. *Grodecki,* 21 N.J. Misc. 241 [33 A.2d 115]. These cases are not here in point for the reason that they are from other jurisdictions, predicated upon statutes dissimilar to the Penal Code provisions in California and contrary to the decisions of the appellate courts of this state. Therefore they are not here controlling.

Third: *Did the trial court err in placing defendant on probation for the period of five years in view of section 1203.1 of the Penal Code which reads, in part, as follows:*

''The court, judge or justice, in the order granting probation and as a condition thereof may imprison the defendant in the county jail for a period not exceeding the maximum time fixed by law in the instant case; provided, however, that where the maximum possible term of such sentence is three years or less, then such period of suspension of imposition or execution of sentence may, in the discretion of the court, continue for not over three years;''

This question will not be considered by us for the reason that defendant has appealed from the order denying his motion for new trial *only.* ■■ The rule is established that on an appeal in a criminal case from an order denying a motion for new trial the court may consider only such errors or irregularities as occur between the time of joining of the issue of fact and the rendition of the judgment. On the pres-

ent appeal the appellate court is confined to a review of the proceedings within these limits. (*People* v. *Galloway,* 202 Cal. 81, 91 [2] [259 P. 332].)

Section 1237 of the Penal Code provides in part, "An appeal may be taken by the defendant: 1. From a final Judgment of conviction; an order granting probation shall be deemed to be a final judgment within the meaning of this section;"

Under the foregoing rules it is thus apparent that an order granting probation is not reviewable upon an appeal from an order denying a motion for a new trial. However, the order granting probation is appealable. Since in the present case no appeal was taken therefrom, any alleged errors in the granting thereof may not be reviewed by this court.

Affirmed.

Moore, P. J., and Fox, J., concurred.