[Crim. No. 5756.    Second Dist., Div. Two.    Jan. 22, 1957.]

THE PEOPLE, Respondent, v. LOUIS CHARLES
CHANEY, Appellant.

G. Vernon Brumbaugh for Appellant.

Edmund G. Brown, Attorney General, and William E.
James, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was convicted of bookmaking (Pen.
Code, § 337a, subd. 1).   He appeals from the judgment and
order denying his motion for a new trial.

Officer Kenney of the Los Angeles Police Department en-
tered a café on South San Pedro Street at approximately 2
p. m., on Saturday, March 17, 1956.   He observed defendant
approach several people and carry on a conversation with
them, during which they examined a copy of the National
Daily Reporter, commonly known as a scratch sheet.   Fol-
lowing this, money changed hands between the parties.   De-
fendant then approached a Mr. Fraser, with whom the officer
had been talking about betting on horses.   Fraser and de-
fendant conversed briefly, during which time the former re-
ferred to the sports section of a local daily newspaper that
contained information on racing at various tracks throughout
the United States.   Officer Kenney overheard Fraser tell de-
fendant he wanted "two to win on Jet Action in the eighth
at Gulfstream."   Defendant replied, "Okay," and moved on

to other persons in the bar. The National Daily Reporter for that date disclosed that a horse by the name of Jet Action was entered in the eighth race at Gulfstream Park. The officer did not see any money pass between defendant and Fraser. The officer arrested two other suspects for bookmaking. In the meantime, defendant left the café and was not arrested until three days later.

Fraser testified to a conversation with defendant on this occasion. He said to defendant, "I'd like to have a two-dollar bet on Jet Action in the eighth race at Gulfstream." He testified defendant "didn't say a word" and that he did not give defendant any money. He stated, however, that he had placed other verbal bets with defendant but had not given him any money on these bets; also, that he had never collected any money on such bets. He further testified that any money he won was used later to make bets on other races.

At the time of his arrest on March 20th, defendant stated he had been "making book" in that café and in various other small places around the area for the last year or so but that "he hadn't made any book since the previous week." When informed that his arrest was for bookmaking on the previous Saturday, defendant made no comment.

Defendant did not testify and did not present any evidence in his behalf.

Defendant's position is that "The evidence is insufficient to sustain the judgment." Defendant suggests that the conversation that Officer Kenney overheard between him and Fraser was "the mere expression of a desire" on the part of the latter to place a $2.00 bet on the horse in question. Also, defendant appears to question the officer's testimony that he overheard such a conversation between him and Fraser since the officer did not arrest him at that time.

The interpretation of the evidence, the weight to which it is entitled, and the credibility of the witnesses are, of course, matters for the trial court.

■ As pointed out by this court in *People* v. *Burch*, 118 Cal.App.2d 122, at page 124 [257 P.2d 44], "There is no requirement that the bet be recorded." Hence, "the offense of bookmaking can take place without a writing."

The failure of Officer Kenney immediately to arrest defendant was due apparently to his departure while the officer was preparing to arrest two other suspects for bookmaking.

■ The testimony of Officer Kenney that he heard Fraser say to defendant that he wanted "two to win on Jet Action

in the eighth at Gulfstream," and defendant's reply, "Okay," clearly justifies an inference that Fraser was placing a bet on the race in question and that defendant was accepting such bet and not merely that Fraser was expressing a desire to place such a bet. The court obviously accepted the officer's testimony as true. This evidence, plus the other facts and circumstances and the reasonable inferences to be drawn therefrom, amply support the conviction. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

The judgment and order are affirmed.

Moore, P. J., and Ashburn, J., concurred.