[Crim. No. 6039.   Second Dist., Div. One.   Dec. 5, 1957.]

THE PEOPLE, Respondent, v. JACK TOTO LOMENTO, Appellant.

David A. Fall and Kenneth W. Gale for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

FOURT, J.—In an information filed in Los Angeles County, the appellant was charged with violating subdivision 1 (bookmaking), and subdivision 6 (making and accepting bets), of section 337a, Penal Code.

Appellant pleaded not guilty and the case was submitted on the transcript of the testimony taken at the preliminary hearing. Appellant was found guilty on both counts, probation was denied and he was sentenced to the county jail for three months on each count, the sentences to run concurrently. Appellant has appealed from the judgment, and has purportedly appealed from the sentence.

On January 25, 1957, at about 1:40 o'clock p.m., Officer S. A. Trotsky of the Los Angeles Police Department went into a bar in San Pedro, called the Mission Smoke House. Trotsky saw the appellant and an unknown person enter the bar by the back door. The officer was about 15 feet from them when the unknown person was looking at the National Daily Reporter (a publication which contains a list of all of the horse races at the various tracks in the United States), commonly called a "scratch sheet," and then said to the appellant, "Give me Miss Bulldozer to win." Appellant replied, "What's the number?" The unknown person then looked at the "scratch sheet" again and said, "Four and Five." The unknown person gave appellant two pieces of currency and appellant and said person then left by the back door.

Trotsky qualified as an expert in bookmaking activities in Los Angeles County, and stated that in his opinion the unknown person's reply of "Four and Five," to appellant's question referred to a horse, "Miss Bulldozer," entered in the fourth race in the fifth handicap position. A National Daily Reporter for January 25, 1957, set forth that a horse named Miss Bulldozer was to run in the fifth pole position in the fourth race at Santa Anita on that day. Trotsky also testified that in Los Angeles County bookmakers or others accepting bets on horses kept a record of the bets accepted by numbers. Appellant did not testify nor offer any evidence in his own behalf.

742

Appellant contends that:

(1) The evidence is insufficient to sustain the judgment as to count I, and as to count II, and

(2) The court erred in allowing Trotsky to testify as to what bookmakers do in Los Angeles county.

Section 337a, subdivision 1, of the Penal Code reads as follows:

"Every person,

"1. Who engages in pool-selling or book-making, with or without writing, at any time or place; . . .

. . . . . . . . . . . . . .

"Is punishable by imprisonment in the county jail or state prison for a period of not less than thirty days and not exceeding one year."

■ Bookmaking means the "making of a betting book and includes the taking and receiving of bets and wagers." (*People* v. *Kobey,* 105 Cal.App.2d 548, 563 [234 P.2d 251].)

■ "A bet is a wager or agreement between two or more persons that a sum of money or other valuable thing, contributed by those taking part, shall become the property of one or the other of them, depending on the happening of some future event, at present uncertain." (*People* v. *Oreck,* 74 Cal.App.2d 215, 220 [168 P.2d 186].)

■ Clearly, the evidence in this case, taken in the light most favorable to the People demonstrates that when the unknown person said to appellant, "Give me Miss Bulldozer to win," and then told the appellant in substance that the horse he was selecting was running the fifth pole position in the fourth race at the Santa Anita race track, and then handed appellant some currency, that then and there a bet was made between the unknown person and appellant as to Miss Bulldozer in that particular race. Appellant saw fit to make no explanation of the conduct and words spoken and we view it as being clearly a wager.

Appellant also asserts that a series, or more than one bet must be made before a conviction can be sustained. The last paragraph of section 337a, Penal Code, reads as follows:

"This section shall apply not only to persons who may commit any of the acts designated in subdivisions 1 to 6 inclusive of this section, as a business or occupation, but shall also apply to every person or persons who may do in a single instance any one of the acts specified in said subdivisions 1 to 6 inclusive."

As to the second count, subdivision 6 of section 337a of the Penal Code reads as follows:

"Every person,

. . . . . . . . . . . . . .

"6. Who lays, makes, offers or accepts any bet or bets, or wager or wagers, upon the result, or purported result, of any trial, or purported trial, or contest, or purported contest, of skill, speed or power of endurance of man or beast, or between men, beasts, or mechanical apparatus,

"Is punishable by imprisonment in the county jail or state prison for a period of not less than thirty days and not exceeding one year."

What has heretofore been set forth with reference to count I, is applicable to count II. The court accepted the officer's testimony as being true, and that testimony coupled with the other facts and circumstances and the reasonable inferences to be drawn therefrom, support the conviction. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

The appellant's failure to deny or explain the evidence presented against him, when it was within his power to do so, was undoubtedly considered by the court as tending to indicate the truth of the People's evidence. (*People* v. *Goldstein,* 139 Cal.App.2d 146, 155 [293 P.2d 495].)

Appellant's last contention is that Officer Trotsky's testimony that bets were kept track of by numbers in Los Angeles county by people who accept bets was inadmissible. The appellant stipulated that the officer was an expert in bookmaking activities and paraphernalia as carried on in Los Angeles County, and in addition thereto the court asked questions of the officer to ascertain whether he was qualified as an expert, and determined that the officer did so qualify.

In *People* v. *Bateman,* 57 Cal.App.2d 585, at page 587 [135 P.2d 192], the court said:

". . . The law is established in California that the testimony of a duly qualified expert, such as Officer Boswell, is admissible to explain the significance of cryptic letters and figures which appear upon papers, books, and paraphernalia customarily used by bookmakers (*People* v. *Hinkle,* 64 Cal. App. 375, 378 [221 P. 693] ; see also *People* v. *Pruitt* (1942), 55 Cal.App.2d 272, 277 [130 P.2d 767]).

"In view of the fact that our Supreme Court has denied a hearing in the last cited case any statements contained in *People* v. *Davis* (1941), 47 Cal.App.2d 331, 334 [117 P.2d

917], contrary to the rule of law above stated must be deemed to have been overruled. . . .''

We find no prejudicial error in the record.

The judgment is affirmed; the order of sentencing being a nonappealable order, the purported appeal therefrom is dismissed.

White, P. J., and Drapeau, J.,* concurred.

A petition for a rehearing was denied December 19, 1957, and appellant's petition for a hearing by the Supreme Court was denied January 28, 1958. Schauer, J., was of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.