[Crim. No. 6770.   Second Dist., Div. Three.   Jan. 27, 1960.]

THE PEOPLE, Respondent, v. FERDINAND GASPARD,
Appellant.

H. Clay Jacke for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

VALLÉE, J.—In a nonjury trial defendant was convicted of having, on October 28, 1958, received money offered as a bet on a horse race. (Pen. Code, § 337a, subd. 3.)   He was sentenced to three months in the county jail.   Sentence was suspended and he was granted probation.   He appeals from the order ''entered on the 25th day of March, 1959.''   The

order referred to is the judgment and an order denying his motion for a new trial.

On October 28, 1958, George Lewis, a Los Angeles police officer, in an undercover capacity went into a poolroom on South Broadway in Los Angeles. He sat at a counter. He saw defendant talking to various people in the place, saw him looking at various racing publications, and saw him take money from about five individuals. At intervals defendant went to a small room in the rear of the place in which there was a telephone. He closed the door, and came out in about 30 seconds. About 10 minutes after he entered the poolroom Officer Lewis saw a person unknown to him come into the place, approach defendant, and heard him say to defendant, "Get me down for $5 on Number 2 in the 6th at Tanforan." Defendant replied, "Okay." The unknown person gave defendant a $5.00 bill and left. Defendant put the bill into his pocket. Several minutes later the unknown person returned and said to defendant, "Hey, Gas, did you get that bet in for me?" Defendant replied, "No, but I will take care of it right now." Defendant then walked to the rear of the place, went into the small room, and closed the door.

Tanforan is a race track in California at which a horse race meeting was being held. A horse named "Lycos Son" was running in the sixth race in the second post position at Tanforan that day.

Defendant did not testify or offer any evidence.

Defendant says he knows "of no case upholding conviction upon such paucity of detail and evidence and it is manifestly evident to us despite the suspicion visited upon the case at bar." ▉ The only requirement of Penal Code, section 337a, subdivision 3, is that the accused receive money as a bet on a race or a purported race. (*People* v. *Abrams,* 108 Cal. App.2d 584, 586-587 [239 P.2d 75].) On facts substantially the same as those related, convictions of violations of section 337a have been sustained. (See *People* v. *Lomento,* 155 Cal. App.2d 740, 741-743 [318 P.2d 707]; *People* v. *Chaney,* 147 Cal.App.2d 740, 741 [305 P.2d 955]; *People* v. *Abrams, supra.*) The evidence supports the finding of guilt.

The testimony of Officer Lewis as to what he heard the unknown person say to defendant was objected to on the ground it was hearsay. The objection was overruled. Defendant assigns error. The court did not err. Section 1870 of the Code of Civil Procedure provides that evidence may be given of "[t]he act, declaration, or omission forming part of a trans-

action, as explained in section eighteen hundred and fifty." Section 1850 provides that where the declaration of another "forms a part of a transaction, which is itself the fact in dispute, or evidence of that fact, such declaration, act or omission is evidence, as part of the transaction."

"There is a well-established exception or departure from the hearsay rule applying to cases in which the very fact in controversy is whether certain things were said or done and not as to whether these things were true or false, and in these cases the words or acts are admissible not as hearsay, but as original evidence." (*People* v. *Henry,* 86 Cal.App.2d 785, 789 [195 P.2d 478].)

*People* v. *Kahn,* 27 Cal.App.2d 645 [81 P.2d 632], was a prosecution under Penal Code, section 337a, subdivision 3. The contention defendant makes was made there. The court stated (p. 646):

"Defendant contends that Officer Newton's testimony concerning the conversation between defendant and Goldie, was erroneously received, arguing that the testimony is hearsay. There is no merit in this contention. The conversation took place at the scene of and at the time of the offense charged. It constituted a part of the transaction."

(*Cf. People* v. *Curtis,* 106 Cal.App.2d 321, 325-327 [235 P.2d 51].) Evidence of the statements made by the unknown person to defendant was not hearsay.

The appeal is entirely without merit.

The judgment and the order denying a new trial are affirmed.

Shinn, P. J., and Ford, J., concurred.