WOOD, P. J.
In three counts of an information the defendant was accused of violating section 337a of the Penal Code, as follows: In count 1—violating subdivision 1 (bookmaking on horse racing) ; in count 2—violating subdivision 3 (receiving and forwarding money bet on racing); and in count 3—violating subdivision 6 (accepting bet on racing). In count 4 he was accused of grand theft. He denied an allegation of the information that he had been convicted previously of two felonies (grand theft, and violation of § 337a).
Counts 2 and 4 were dismissed, upon motion under section 995 of the Penal Code. Trial by jury was waived, and by stipulation the cause was submitted upon the transcript of the preliminary examination, reserving the right to offer additional evidence. Defendant was adjudged guilty on counts 1 and 3, and was sentenced to one year in the county jail. He appeals from the judgment and the order denying his motion for a new trial.
On August 3, 1960, about 10 a. m., defendant entered Mr. Worthington’s foundry, in Burbank, and told him that a good friend had sent him there to see if he would wager on a horse race. Mr. Worthington replied that he was not interested. Defendant said that he could not mention the friend’s name, but he had a winner “every so often” and that this was.a sure thing. Defendant left the place, entered an automobile, and drove away. A person, who was at the place of business, obtained the license number of the automobile.
On the same day about 11 a. m., the defendant entered Mr. Trego’s machine shop, in Burbank, and told him that he was Jockey Owens and had a sure thing in a race, that a friend had sent him there, and he wanted to know whether Mr. Trego would make a wager. Defendant suggested $500 or $1,000 on a six to one wager. He said that the horse was a cinch in the fourth race of that day. Defendant left when Mr. Trego declined the offer.
On the same day about 10:30 a. m., the defendant entered Mr. McClenan’s electronics shop, in Burbank, and told him that a good friend of Mr. McClenan had placed a $1,000-wager on a certain horse that was a sure thing, and that the friend had sent him there so that Mr. McClenan could make some *777 easy money. Defendant showed “identification” of Jack Owens, an ex-joelcey, but he declined to tell the name of the horse or the name of the friend. Defendant said that it was a sure thing, that he wanted McClenan to make some easy 'money, that the friend placed bets with him all the time, and that defendant took the money to Las Vegas and “put” it there so that it would not ‘ ‘ take the odds down at the track. ’ ’ Mr. McClenan remembered that he had seen defendant at the nearby Worthington Foundry that morning while the “coffee 'truck” was there. Then he told defendant that he would give him a check for $300. A check for that amount, payable to Jack Owens, was prepared and then they went onto the sidewalk in front of the shop where defendant showed him the name of a horse, “Some Bird,” which name was on a scratch sheet indicating that the horse was in the fourth race at Del Mar. Mr. McClenan handed the check (a green check) to defendant, who said that he (defendant) would get one-third of the winnings. The check, which was not cashed, was returned to Mr. McClenan’s office by Police Officer King. (The check was received in evidence as Exhibit 1.)
On that same day (August 3), Officer King received information by telephone that a man, at the Worthington Foundry, was' soliciting bets on horse races. The information included a description of the man and his automobile. Officers King and Steekbauer went to a place near the foundry and observed the described automobile which was parked in front of Mr. McClenan’s shop. Thereafter Officer King observed the described man and Mr. McClenan as they came out of the shop, and observed that Mr. McClenan had a piece of green paper (similar to Exhibit 1—the check) in his hand. The officer also observed the man (defendant) place Exhibit 1 in his pocket, walk to his car, and attempt to enter it. The officer went to defendant and asked him what he was doing in that area. He replied that he was there to see' a friend. When Officer Steekbauer was present, Officer King reached into defendant’s pocket and removed Exhibit 1, the check for $300. Defendant took the check from the officer’s hand, replaced it in his (defendant’s) pocket, and started walking to the street. The officers searched defendant’s automobile, and then asked him for the check he had placed in his pocket. He replied that he did not have it. They searched his pocket but did not find the cheek. Thereupon they took him to the police station and searched him but did not find the check. The officers returned to defendant’s automobile, searched it, and found the *778 check in the body of the automobile—between the metal exterior and the (upholstered) interior of the automobile. Officer King checked a daily newspaper and found that the name “Some Bird” was listed therein as the name of a horse that was in the fourth race at Del Mar on August 3, 1960. A daily newspaper of August 4, 1960, stated that the horse, “Some Bird,” had run in said race on August 3 and “had come in last. ’ ’ On August 9 Officer King told defendant that the horse, “Some Bird,” had run last in the race. Defendant replied that “those things happen; it broke down.” Also, on August 9, Officer King told defendant that the “horse he had given Mr. McClenan” ran last. Defendant replied, “Well, the horse broke down. I lost money on it, too. Those things happen.”
Defendant did not testify.
Appellant contends (1) that the evidence was insufficient to support the judgment; and (2) that the crime committed, if any, was “touting,” a misdemeanor, as defined in section 337.1 of the Penal Code, and was not bookmaking, as defined in section 337a of that code. He argues, with respect to his contention as to insufficiency of the evidence, that bookmaking (referred to in count 1) is the making of a book of bets; that a violation of subdivision 6 (referred to in count 3) requires that the parties shall have engaged in a bet between themselves ; and that under the evidence herein the defendant and McClenan were partners to place a bet with persons in Las Vegas for their mutual advantage—and if they won both won, or if they lost both lost.
Section 337a, subdivisions 1 and 6, of the Penal Code (violations of which are charged in counts 1 and 3) provide: “Every person, 1. Who engages in pool-selling or bookmaking, with or without writing, at any time or place; or ... 6. Who lays, makes, offers or accepts any bet or bets . . . upon the result... of any . . . contest. . . of. . . speed ... of . . . beast . . . , Is punishable by imprisonment in the county jail or state prison. . . . This section shall apply not only to persons who may commit any of the acts ... as a business or occupation, but shall also apply to . . . persons who may do in a single instance any one of the acts specified. ...”
The evidence shows that on the morning of August 3, and prior to the transaction with Mr. McClenan, the defendant had attempted to persuade Mr. Worthington and Mr. Trego to make wagers on a horse race; that defendant told the same persuasion story to Mr. McCIean and exhibited *779 to him identification material indicating that he was Jack Owens, an ex-jockey; that when defendant produced a scratch sheet and showed to McClenan the horse’s name thereon, McClenan handed to defendant the $300-check which was payable to defendant; that an officer saw defendant put the check in his pocket; and that while the officers were talking to defendant he hid the cheek within the body (wall) of his automobile.
 Bookmaking means the making of a betting book and includes the taking of bets. (People v. Lomento, 155 Cal.App.2d 740, 742 [318 P.2d 707].) The taking of one bet is sufficient to justify a conviction (Pen. Code, § 337a; People v. Lomento, supra) and the bet may be oral and need not be recorded (People v. Chaney, 147 Cal.App.2d 740, 741 [305 P.2d 955]). The claim that the defendant and McClenan were partners and therefore the section was not violated is without merit. The trial judge was not required to find that there was a partnership or to believe that defendant intended to make the wager with persons in Las Vegas as indicated by defendant’s story to McClenan. Defendant did not testify. The evidence was sufficient to support the judgment as to counts 1 and 3.
With respect to appellant’s contention that the crime committed, if any, was “touting” (and not bookmaking), he asserts that his theory is that although section 337a may cover generally the acts involved here, “sections 337.1 et seq.,” dealing with touting, are designed specifically to cover such acts. He argues further that since section 337.1 is a specific statute, and since section 337a is a general statute, the conviction of defendant of “a greater-general charge,” where there is “a specific-lesser charge,” imposes a greater punishment on defendant than was intended by the Legislature and therefore such conviction constitutes a denial of due process of law. The importance to appellant of the asserted point, with reference to a violation of section 337.1 instead of section 337a, is that a violation of section 337.1 is a misdemeanor.
A tout, as defined in section 337.1 of the Penal Code, is a “person, who knowingly and designedly by false representation attempts to, or does persuade . .. another person to wager on a horse in a race . . . and. who asks . . . compensation as a reward for information . . . given in such case. ...” A person who commits such acts is guilty of touting. (Pen. Code, § 337.1.) It thus appears that, in substance, “touting” is persuading a person to bet on a horse race and then asking for *780 money for the information he has given. The section does not contemplate that the person who furnishes the alleged information or “tip” is to receive the money wagered on the race. In the present case, it is clear that defendant accepted the check for all the money that was wagered and he was claiming a third of the money that might be won. As hereinabove shown, the evidence was sufficient to support the convictions under section 337a, and the trial judge was not required to find, in lieu of such convictions, that defendant was guilty of touting, a lesser offense.
The judgment and the order denying the motion for a new trial are affirmed.
Fourt, J., and Lillie, J., concurred.