STATE OF CONNECTICUT *v.* PETER PASCARELLI

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 1-4727

Argued September 9—decided October 28, 1963

*J. Richard Fay,* of South Norwalk, for the appellant (defendant).

*George F. Carroll, Jr.,* assistant prosecuting attorney, for the appellee (state).

KINMONTH, J. The defendant was presented for a violation of General Statutes § 53-298, which forbids policy playing. Upon a trial to the jury, he was found guilty and has appealed, assigning as error the court's charge and refusal to charge, rulings on evidence, and the failure to correct the finding. The defendant's assignment of error based on the court's refusal to correct the finding was not pursued in the brief and therefore need not be considered. Cir. Ct. Rule 7.47.3.

The state offered evidence to prove and claimed to have proved that the defendant was the owner and permittee of Sherry's Restaurant in Norwalk and of the Palace Hotel in the same building, above the restaurant. The defendant occupied apartment No. 1 in the hotel. On June 12, 1962, at about 11:30 a.m., the defendant was behind the bar of his restaurant when the police, with a search warrant, entered the premises. The police found state's exhibit A, a card dated February 5, 1962, with a policy number thereon, in a drawer in the back of the bar; state's exhibit B, consisting of seven tally sheets showing a weekly summary of policy plays, on the top rear of the cash register; and state's exhibit H, a $1 bill with policy numbers thereon, in the cash register. The defendant opened the door to apartment No. 1 with his own key, and on the desk

the officers found state's exhibit C, a card with onion sheets having impressed policy numbers thereon; state's exhibit G, six manila envelopes containing blue impressions of policy numbers; state's exhibit F, a pad with barely discernible policy numbers; and state's exhibit G, six manila envelopes containing numbered policy plays. The defendant admitted exhibit A contained a policy number and that all exhibits were found on the premises owned and controlled by him.

The defendant offered evidence to prove and claimed to have proved that he was in Florida from February 5, 1962, to March 10, 1962; that during this time there was a substitute permittee of the restaurant; that he did not have exclusive possession of the apartment, as it was also used by the woman who cleaned the hotel rooms; and that he was not engaged in policy playing and did not have possession or custody of state's exhibits A through H.

The statute, § 53-298, as amended, is captioned: "Policy playing; gaming by use of lottery slips or tickets." The statute is a single, long, involved sentence "prohibiting a long list of acts done in connection with the making of bets or wagers . . . in any lottery." *State* v. *Johnson,* 140 Conn. 560, 564; *State* v. *Marra,* 23 Conn. Sup. 480, 482. It "is lengthy and replete with prohibitions." *State* v. *Genova,* 141 Conn. 565, 571. It is evident from the record that the parties proceeded under the portion of the statute which applies to "[a]ny person . . . who . . . keeps, or is the custodian of, any slips, tokens, papers, books, records or registers of bets or wagers, or any appliances or apparatus used for any such purposes." To constitute a violation of this portion of the statute, the state must establish that the exhibits introduced were policy slips or

used for such a purpose and that the defendant kept or was the custodian of them.

We will first take up the defendant's assignment of errors as to rulings on evidence. Captain Francis E. Virgulak was called by the state and qualified as an expert on gaming, and his qualifications were conceded by the defendant. On direct examination, he was asked to examine exhibit A and "tell the jury and the court what it is." His reply was: "This is a card that contains bets or numbers. The first notation is number '382' and a '2.00' bet." The defendant objected on the ground that the word "bet" did not appear on the card and no foundation had been laid for the question. The court overruled the objection, and the defendant took an exception. An expert has a peculiar knowledge or experience not common to the world which renders his opinion, founded on such knowledge and experience, an aid to the court or jury in determining the questions at issue. *Jaffe* v. *State Department of Health,* 135 Conn. 339, 348. "Only through an expert's opinion could the court intelligently make a finding as to the purpose, if any, of the writings." *State* v. *Johnson,* 140 Conn. 560, 563. An expert often states matters as facts, and often they are in the nature of conclusions he has reached; nevertheless they are in essence merely statements of his opinion, the weight and soundness of which are for the jury to determine. *State* v. *Hayes,* 127 Conn. 543, 601. The court has a wide discretion in admitting an expert's testimony, and we do not feel that the court abused its discretion.

The same witness was then asked to look at exhibit B, and after reading many numbers and cash amounts he stated: "He's given credit for $103.00, which he either may have turned in or maybe paid for a hit somebody won." The defendant objected

to the use of the word "maybe" as pure conjecture. The above citations are determinative of this assignment of error, for it is only the witness' opinion that one of two events could account for the $103.

Exhibits C, D, E, F and G were introduced into evidence without objection, but when Captain Virgulak was asked to give his opinion as to what they were and what they contained the defendant objected to "their further introduction" since exhibits C, D, E and F were not the original documents. The objection was overruled, and the witness testified that the impressions on the exhibits were policy numbers. The exhibits were admitted as full exhibits and as such could not be limited in their use as evidence. *Goldblatt* v. *Ferrigno,* 138 Conn. 39, 41. This is determinative of the issue, but inasmuch as the defendant has raised the question of secondary evidence we might add that since the defendant in a criminal case cannot be made to give incriminating evidence against himself and is not obliged to respond to a notice to produce an incriminating document shown prima facie to be in his possession, it is generally held that secondary evidence of the contents of the document is admissible without a notice to produce the original. 2 Wharton, Criminal Evidence (12th Ed.) § 594. "The law does not require the impossible and if the usual means of proof are not available other means will and should be found." *Ford* v. *H. W. Dubiskie & Co.,* 105 Conn. 572, 580. The testimony of a duly qualified expert is admissible to explain the significance of cryptic letters and figures which appear upon papers, books and paraphernalia customarily used by bookmakers. *People* v. *Lomento,* 155 Cal. App. 2d 740, 743. The objection to the testimony of the officer went to the weight as evidence rather than its admissibility, and the court properly overruled the objection.

The defendant also assigned as error the court's refusal to admit into evidence numerous papers containing business entries which were on the premises at the time of the search. As they were not material to the issue except to show that there were many written figures on a large number of papers, we cannot hold that the court's ruling was error. "It is undesirable to cumber the record with unnecessary exhibits," and they certainly would not assist the jury to understand the expert's testimony. *Gillette* v. *Schroeder,* 133 Conn. 682, 684. Furthermore, the failure of the defendant to have papers marked for identification destroyed any right to a review of the ruling excluding them. *State* v. *Walters,* 145 Conn. 60, 67.

The defendant's next assignment of error is the court's refusal to charge as requested on "possession." The court limited its charge to that part of the statute concerned with custody, as was proper under the claims of proof of the parties as set forth in the finding. The court adequately charged in conformance with *State* v. *Johnson,* 140 Conn. 560, 565, and *State* v. *Ragozzino,* 23 Conn. Sup. 181, 183.

The defendant's final assignment of error is addressed to a supplemental charge given to the jury upon their question as to inferences to be drawn. The defendant's exception to this charge was that the jury "have been left with the impression that if they come to conclusion that these are policy slips, then they have to make the inference from his conduct and the way everything else, that he knew they were there. I think that from the evidence and his conduct and the testimony of his conduct, they also have the right to infer that he didn't have knowledge of them, and therefore, wouldn't be custody." The court prefaced the supplemental charge by referring to the original charge and stated,

"[y]ou can infer from that, from the conduct, whether or not he should have had knowledge, or you infer he had no knowledge of the fact that these so-called slips and tally sheets were in that restaurant, then he would not be guilty." The supplemental charge throughout used the alternative and clearly left the issue of custody to be determined by the jury. "It is within the range of permissible comment to call the jury's attention to inferences that may be drawn from the evidence"; *Buonanno* v. *Cameron,* 131 Conn. 513, 517; and the jury may draw reasonable and logical inferences from the facts proven. *State* v. *Fico,* 147 Conn. 426, 427; *State* v. *Foord,* 142 Conn. 285, 295; *State* v. *Tomassi,* 137 Conn. 113, 124.

The charge should be considered as a whole. Repeatedly, the court emphasized in the charge that the state must prove beyond a reasonable doubt every element of the offense in order to convict. The charge and supplemental charge were not prejudicial to the defendant and adequately protected his rights. "[A]n appellate court ought not to be expected to create substance out of shadows, to conjure up errors out of trifles, or to seek for judicial irregularity by microscopic processes, speculative imaginings, or refined reasoning." *Foote* v. *Brown,* 81 Conn. 218, 227, quoted in *State* v. *Johnson,* 139 Conn. 89, 93.

There is no error.

In this opinion PRUYN and LEVINE, Js., concurred.